IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES FREER,

                Petitioner,                OPINION AND ORDER

     v.                                     08-cv-135-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

     Petitioner James Freer has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has made several requests that are now before the court. First, following this court's entry of an order to show cause on March 31, 2008, petitioner requested a writ of error in order to clarify which Wisconsin Court of Appeals cases are relevant to his federal habeas petition. I find that a writ of error is unnecessary but note petitioner's clarification for the record. Second, petitioner has moved for reconsideration of this court's April 17, 2008 denial of appointment of counsel. Third, in the event that the motion for reconsideration is denied, petitioner requests entry of final judgment or permission to take an interlocutory appeal.

1

I find no reason to vacate the earlier order regarding appointment of counsel and am denying petitioner's motion for reconsideration. Because the denial of a request for appointment of counsel is not a final order resolving any of petitioner's claims in this case, entry of final judgment is inappropriate. I also find that petitioner has failed to make the showing necessary to allow him to take an interlocutory appeal in this case.

OPINION

A.  Writ of Error

In an order entered April 17, 2008, Magistrate Judge Crocker asked petitioner to further explain his April 9, 2008 request for a writ of error. Dkt. # 8. From petitioner's response, I understand him to be stating that he wanted to clarify that his Sixth Amendment claim was the subject of three different cases before the Wisconsin Court of Appeals and the Wisconsin Supreme Court. In the March 31, 2008 order, the court referred to court records available electronically in Case No. 2003 AP 853. Dkt. # 4. Petitioner explains that records from Case Nos. 2006 AP 3200 and 2007 AP 680 also are relevant and requests that records from all three cases be transmitted to this court. Because the Magistrate Judge already ordered the state to file all relevant records and transcripts, petitioner's request for a writ of error is unnecessary and will be denied.

Apparently, after petitioner read the court's March 31, 2008 order, he thought only records from Case No. 2003 AP 853 would be filed with this court. However, that is not the case. The court ordered the following with regard to court records in this case:

> If at this time the state wishes to argue petitioner's claims on their merits, either directly or as a fallback position in conjunction with any motion to dismiss, then within its 30-day deadline the state must file and serve not only its substantive legal response to petitioner's claims, but also *all documents, records and transcripts that commemorate the findings of fact or legal conclusions reached by the state courts at any level relevant to petitioner's claims*. The state also must file and serve any additional portions of the record that are material to deciding whether the legal conclusions reached by state courts on these claims was unreasonable in light of the facts presented. 28 U.S.C. § 2254(d)(2).

March 31, 2008 order to show cause, dkt. #4 at 3 (emphasis added). If respondent chooses to argue the substance of petitioner's claim, he must file all relevant records and transcripts, regardless of the appellate case number. Of course, respondent now has notice that Wisconsin Court of Appeals Cases Nos. 2006 AP 3200 and 2007 AP 680 may be relevant to petitioner's claim.

For petitioner's sake, I note that in lieu of responding to the substantive claim in the petition, respondent has moved to dismiss on the ground that the petition is a successive (or second) petition. Dkt. #9 (citing Freer v. McCaughtry, No. 05-cv-0148 (E.D. Wis.)). Petitioner has until May 19, 2008 in which to respond to the motion to dismiss.

B. Motion for Reconsideration and Appeal

In his response, petitioner also appears to be requesting that the court reconsider its denial of his motion for appointment of counsel and, in the event that motion is denied, requests an order for final judgment or permission to file an interlocutory appeal.

3

Petitioner's motion for reconsideration of the denial of appointment of counsel is denied. As explained in the court's previous order, petitioner's Sixth Amendment right to counsel claim is legally and factually straightforward and presented in a coherent manner. This is not the type of case in which counsel might make a difference to the outcome.

Petitioner's request for entry of final judgment under Fed. R. Civ. P. 54(b) is misplaced. In general, in a habeas proceeding, an appeal is permissible only from a "final order." 28 U.S.C. § 2253. The court's denial of the motion for appointment of counsel is not a final order and did not resolve petitioner's habeas claim. Therefore, Rule 54(b) is inapplicable.

Petitioner's request for permission to take an interlocutory appeal also is denied. To certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b), the court must find that 1) the issue certified for appeal involves a "controlling question of law"; 2) a "substantial ground for a difference of opinion" exists as to the application of this question of law; and 3) the claim is one in which the immediate appeal of this controlling question of law "may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Petitioner cannot meet these criteria. Petitioner's motion for appointment of counsel did not raise either a controlling question of law or a claim in which an immediate appeal would materially advance the ultimate termination of the case.

4

ORDER

IT IS ORDERED that:

1. Petitioner's request for a writ of error is DENIED as unnecessary;

2. Petitioner's motion for reconsideration of the denial of appointment of counsel is DENIED;

3. Petitioner's request for the entry of a final judgment under Fed. R. Civ. P. 54(b) is DENIED; and

4. Petitioner's request for permission to take an interlocutory appeal is DENIED.

Entered this 5th day of May, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge