IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES FREER,

                Petitioner,                OPINION AND ORDER

     v.                                        08-cv-135-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

Before the court in this habeas corpus action brought pursuant to 28 U.S.C. § 2254 is petitioner James Freer's motion under Fed. R. Civ. P. 60 to correct a mistake made by the court and to seek relief from this court's denial of appointment of counsel, writ of error, reconsideration and permission to take an interlocutory appeal. Dkt. #14. As explained below, nothing in petitioner's motion suggests that the court erred in its earlier order. In addition, because the denials of petitioner's previous requests were not final orders resolving the underlying claim in this case, petitioner may not seek relief under Rule 60(b). Accordingly, the motion will be denied.

1

OPINION

On April 17, 2008, Magistrate Judge Crocker denied petitioner's request for appointment of counsel. Dkt. #8. In an order entered on May 5, 2008, I denied petitioner's request for reconsideration of that order, alternative request for permission to take an interlocutory appeal and request for a writ of error relating to a case citation in the March 31, 2008 order to show cause. Dkt. #13.

As an initial matter, I note that petitioner questions why there are two judges ruling in his case. To clarify, Judge Crabb is the presiding judge in this case. However, under 28 U.S.C. § 636, the magistrate judge maintains a role in civil cases, including habeas corpus proceedings. Magistrate Judge Crocker may rule on a number of pre-trial matters, including motions for appointment of counsel or orders to show cause. 28 U.S.C. § 636(b)(1); Local Rule No. 2. However, the magistrate judge can not rule on motions that will decide the outcome of the case, such as motions to dismiss. Id.

In his motion, petitioner again asks the court to reconsider its earlier rulings. As in his earlier motion for writ of error, petitioner argues that the court mistakenly referred to Case No. 2003 AP 853, which he claims is not the subject of his habeas petition. He asserts that only Case Nos. 2006 AP 3200 and 2007 AP 680 are relevant. Rule 60(a) allows a court to correct a clerical mistake, oversight or omission in an order. However, it is not clear at this stage of the proceedings that the court erred in referring to the third case. All three cases involve proceedings in the Wisconsin Court of Appeals relating to Dane County Case No.

2

2001 CF 31. In any event, if the court has made a mistake, that error can be addressed after the facts and claims of the underlying petition have been developed more thoroughly.

Petitioner also contends that this court violated his constitutional rights, abused its discretion and committed misconduct in denying all of his previous motions. In support, he cites Gideon v. Wainwright, 372 U.S. 335 (1963), and his constitutional rights to due process and equal protection. Petitioner argues that the court's rulings will not afford him a fair opportunity to defend his petition. Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud, misrepresentation or misconduct by an opposing party; or "any other reason justifying relief from the operation of the judgment." The rule is "by its terms limited to 'final' judgments or orders [and] is inapplicable to interlocutory orders." Santamarina v. Sears, Roebuck & Company, 466 F.3d 570, 571 (7th Cir. 2006) (citations omitted). Because the court's denials of petitioner's previous motions were not final orders and did not resolve petitioner's underlying habeas claim, Rule 60(b) is inapplicable.

As a final matter, I note that petitioner requests that his case be transferred to the Court of Appeals for the Seventh Circuit. Apart from granting petitioner permission to take an interlocutory appeal, which I denied on May 5, 2008, this court does not have the authority to transfer jurisdiction over petitioner's case to the court of appeals.

For the above reasons, petitioner's motion is denied.

ORDER

IT IS ORDERED that petitioner's motion for relief from judgment pursuant to Rule 60(b) is DENIED.

Entered this 21st day of May, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge