IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES FREER,

                Petitioner,                OPINION AND ORDER

     v.                                       08-cv-135-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

     Before the court in this habeas corpus action brought pursuant to 28 U.S.C. § 2254 are several requests by petitioner James Freer: 1) leave to file an interlocutory appeal of this court's order entered on May 5, 2008, denying his request for a writ of error relating to a case citation in order to show cause; 2) leave to file an interlocutory appeal of the court's May 21, 2008 order denying his motion for relief from judgment under Rule 60; 3) transfer of his case to the Court of Appeals for the Seventh Circuit; 4) his case be held in abeyance until the court of appeals has heard his appeal; and 5) if necessary, a certificate of appealability. Dkt. ##16-17. Petitioner also asserts that this court erroneously stated the role of the magistrate judge in its order entered on May 21, 2008, dkt. #15. Dkt. #16 at 3.

1

I find that petitioner has failed to make the showing necessary to allow him to take an interlocutory appeal. As discussed in the May 21, 2008 order, this court has no other authority to transfer petitioner's case to the court of appeals. Finally, a certificate of appealability can not issue. The denial of these requests moots petitioner's motion to hold his case in abeyance.

OPINION

As an initial matter, I note that petitioner restates his earlier concerns that there are two judges assigned to his case. See dkt. #14. He appears to be arguing that the magistrate judge has no authority to designate a district judge under 28 U.S.C. § 636. Petitioner is correct but his argument is misplaced. When petitioner filed his petition, his case was assigned to District Judge Crabb and immediately referred to Magistrate Judge Crocker, who entered the order to show cause and an order denying leave to proceed in forma pauperis. Magistrate Judge Crocker did not "designate" Judge Crabb, even though she entered later orders.

Petitioner requests permission to take an interlocutory appeal. To certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b), the court must find that 1) the issue certified for appeal involves a "controlling question of law"; 2) a "substantial ground for a difference of opinion" exists as to the application of this question of law; and 3) the claim is one in which the immediate appeal of this controlling question of law "may materially

advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Petitioner cannot meet these criteria. Neither his request for a writ of error nor his motion for relief from judgment pursuant to Rule 60 raised a controlling question of law or a claim in which an immediate appeal would materially advance the ultimate termination of the case. Therefore, this request is denied.

Petitioner's request for a certificate of appealability also must be denied. In general, an appeal is permissible only from a "final order" in a habeas proceeding. 28 U.S.C. § 2253. The court's denial of the writ of error and the Rule 60 motion were not final orders and did not resolve petitioner's habeas claim. Therefore, petitioner's request for a certificate of appealability is premature. To the extent that petitioner seeks entry of final judgment under Fed. R. Civ. P. 54(b), that request is denied for the same reasons.

Finally, petitioner requests that his case be transferred to the Court of Appeals for the Seventh Circuit and that this court hold his case in abeyance while he appeals. Apart from granting petitioner permission to take an interlocutory appeal, which I have denied, this court does not have the authority to transfer jurisdiction over petitioner's case to the court of appeals. Because I have denied petitioner's other requests, the motion to hold the case in abeyance is denied as moot.

ORDER

IT IS ORDERED that petitioner's requests for leave to take an interlocutory appeal, transfer of jurisdiction, certificate of appealability and to hold this case in abeyance are DENIED.

Entered this 12th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge