IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES G. FREER,

                        Petitioner,                OPINION AND ORDER

   v.

                                                  08-cv-0135-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                        Respondent.

---

      Petitioner James Freer, an inmate at the Waupun Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his confinement resulting from his January 18, 2002 conviction in the Circuit Court for Dane County for first and second degree sexual assault of a child and repeated sexual assault of the same child. He alleges that he was denied counsel in violation of the laws and Constitution of the United States when the circuit court did not appoint counsel for him prior to his entry of a guilty plea.

      Before the court is respondent's motion to dismiss the petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). In reply, petitioner asserts that he has met all of the statutory criteria for filing a new petition. He also has filed two related requests. First, petitioner moves to correct the record, dkt. #18, stating that he cited the wrong case numbers in his response brief dated May 7, 2008, dkt. #14. Second, he requests the "exclusion of

evidence," namely Wisconsin Court of Appeals Case No. 2003 AP 853, and renews his previous requests for permission to take an interlocutory appeal. Dkt. #19.

Petitioner's motion to correct the record is granted. However, because this is petitioner's second petition raising the same claim, I am granting the motion to dismiss on the ground that this court lacks authority to hear the case. Petitioner's motion to exclude evidence is denied as moot. Finally, this court previously has denied petitioner's numerous requests to take an interlocutory appeal, enter final judgment and issue a certificate of appealability. Dkt. ##13, 15 and 20. Because petitioner merely renews his earlier requests to take an interlocutory appeal, I am denying his request.

From documents attached to the motion to dismiss and court records available electronically, I find the following facts:

FACTS

On September 28, 2001, petitioner pleaded guilty in the Circuit Court for Dane County to one count of first and second degree sexual assault of a child and repeated sexual assault of the same child. On January 18, 2002, the circuit court sentenced him to a total of 50 years in prison and ten years' extended supervision. Dkt. #1; Consolidated Court Automation Programs (CCAP) WI Supreme Court and Court of Appeals Cases Access for Dane County Case No. 2001 CF 31 at http://wcca.wicourts.gov (visited June 13, 2008).

2

On February 8, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 in the United States District Court for the Eastern District of Wisconsin, challenging the circuit court's failure to appoint him substitute counsel before he entered his guilty plea. Freer v. McCaughtry, Case No. 05-cv-148-PJG (E.D. Wis.), dkt. #5. On October 5, 2005, the state moved to dismiss the petition for petitioner's failure to exhaust his available state court remedies. Id. at dkt. #12. The district court granted petitioner an extension, allowing him until November 18, 2005 to file his response. Although petitioner filed a response, he did not address the issue raised in the motion to dismiss and requested another extension. The district court granted that request, allowing him until December 21, 2005 within which to supplement his response. Petitioner then filed several motions requesting a change of venue, expansion of the record, an evidentiary hearing, release of certain documents and appointment of counsel. In an order entered on December 22, 2005, the district court denied all of these requests. On April 5, 2006, petitioner filed a motion for extension of time to file his response to the motion to dismiss, more than three months after his deadline. Noting that petitioner had filed a notice of appeal prior to the date that his response was due, the district court granted petitioner another extension. Dkt. #9, Exh. B. The district court advised petitioner that if he failed to file his response by May 15, 2006, his petition "may be dismissed with prejudice for lack of diligence in prosecuting this

3

case." Id. at 2. Because petitioner failed to respond, the district court dismissed the petition on May 31, 2006. Dkt. #9, Exh. A and A1.

On March 3, 2008, petitioner filed a petition for a writ of habeas corpus in this court. He did not request permission from the United States Court of Appeals for the Seventh Circuit before doing so.

OPINION

This is petitioner's second petition for federal habeas relief under § 2254. On February 8, 2005, petitioner filed a petition in the United States District Court for the Eastern District of Wisconsin raising the same Sixth Amendment claim. According to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." See also Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (first step in § 2244(b) analysis is determining whether claim in second petition also presented in prior petition). An exception exists, however, "if the first petition was dismissed because of a curable technical deficiency . . . so that the dismissal is not final and therefore 'without prejudice.'" Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 489 (2000)). For example, petitions that are filed prematurely, in the wrong district or without payment of the filing fee do not count as prior petitions because petitioners are able

4

to rectify the problem and refile the petition. Id.; Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). However, petitions that have been voluntarily dismissed or that have been dismissed because of a procedural default count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment. Altman, 337 F.3d at 766 (citing cases).

In this case, the district court dismissed petitioner's first petition with prejudice because of his lack of diligence in prosecuting it. Petitioner's failure to file a timely response to the motion to dismiss is not a curable technical deficiency. He violated a court order after having been granted several extensions. Fed. R. Civ. P. 41(b) (failure to prosecute or comply with a court order is grounds for dismissal and operates as an adjudication on the merits); Slack, 529 U.S. at 489 (noting same). His failure to respond resulted in a final dismissal; he could not have corrected his mistake after the fact in order to refile his petition. Accordingly, the instant petition must be dismissed.

For the sake of completeness, I note that even if the instant petition could be construed as raising a new claim, petitioner may not file a second application for habeas relief unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3)(A). Because petitioner has not obtained an order from the Court of Appeals for the Seventh Circuit

5

authorizing him to file his petition, this court would lack authority to entertain a second petition raising a different claim.

I now turn to petitioner's motions. Petitioner essentially asks that the second page of his response brief be corrected to replace "Case # 08-cv-135-bbc" with "Case 2003 AP 853." Although I am dismissing the petition, I will grant this motion to assure that the record is complete. Petitioner also requests that the court exclude evidence of Wisconsin Court of Appeals Case No. 2003 AP 853 or any reference to it in this case. Because I am not reaching the merits of petitioner's claim, that motion is moot and I will not address it. Finally, petitioner renews his request for permission to take an interlocutory appeal. However, his requests for such permission have been addressed and denied in orders entered May 5, May 22 and June 12, 2008. Dkt. ##13, 15 and 20. Because petitioner has not raised any new arguments or presented additional evidence, his motion is denied for the reasons stated in this court's previous orders.

ORDER

IT IS ORDERED that:

1. The petition of James Freer for a writ of habeas corpus is DISMISSED WITH PREJUDICE because it is a successive petition for which petitioner has not received an order from the court of appeals authorizing this court to entertain it;

2. Petitioner's motion to correct the record is GRANTED;

3. Petitioner's motion to exclude evidence is DENIED as moot; and

4. Petitioner's request to take an interlocutory appeal is DENIED.

Entered this 19th day of June, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge