IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES G. FREER,

       Petitioner,        ORDER

 v.

                     08-cv-0135-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

       Respondent.

---

  Following this court's June 19, 2008 order dismissing the petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case, petitioner filed two documents. Although the purpose of his filings is unclear, petitioner appears to be alleging that the prison librarian has denied him copies of this court's prior orders in retaliation for a confrontation with petitioner. Dkt. ##24-25. Petitioner contends that he cannot effectively pursue an appeal of these orders without such copies. Attached to one of the filings is petitioner's information request to the prison library dated May 15, 2008. Dkt. #25, Exh. A. The document shows that the librarian stated that he was denying the requested copies because petitioner had insufficient funds in his account.

  It is unclear what petitioner is requesting of this court. On May 28, 2008, he filed a notice of an interlocutory appeal in the Court of Appeals for the Seventh Circuit. Dkt. #16. Therefore, any orders entered by this court would be part of the record transmitted

to the court of appeals. Dkt. #21. However, for petitioner's sake, I will have this court's clerk send petitioner a copy of each of the orders entered in this case. Any further requests that petitioner may have concerning documents for his appeal should be directed to the court of appeals.

It appears from the filings that petitioner wishes to preserve any appeal rights that he may have. Because this court has entered final judgment in this case, I will construe petitioner's filings as a request for a certificate of appealability from this court's June 19, 2008 order dismissing his petition. Petitioner has not paid an appellate filing fee and has an affidavit of indigency on file. Therefore, I also will infer that he is requesting leave to proceed *in forma pauperis* on appeal.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id.; see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

In the petition, petitioner challenged his confinement resulting from his January 18, 2002 conviction in the Circuit Court for Dane County for first and second degree sexual

2

assault of a child and repeated sexual assault of the same child. He alleged that he was denied counsel in violation of the laws and Constitution of the United States when the circuit court did not appoint counsel for him before he entered his guilty plea. In response, respondent moved to dismiss the petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A).

Respondent's motion was granted for the reason that his petition in this court was the second one he had filed. The first was filed on February 8, 2005, in the United States District Court for the Eastern District of Wisconsin and raised the same Sixth Amendment claim he tried to raise in this court. That petition was dismissed with prejudice for petitioner's lack of diligence in prosecuting it after petitioner failed to file a timely response to a motion to dismiss. In this court, I found that petitioner's failure to respond in the Eastern District case resulted in a final dismissal because he could not have corrected his mistake after the fact in order to refile his petition. Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 489 (2000)) (if first petition dismissed because of curable technical deficiency, dismissal not final and therefore without prejudice). Accordingly, I dismissed the petition because petitioner had not obtained authorization from the Court of Appeals for the Seventh Circuit to bring a second petition.

3

Having reviewed my order, I am convinced that reasonable jurists would not debate its resolution. Therefore, petitioner's request for a certificate of appealability will be denied.

The next question is whether petitioner is entitled to proceed *in forma pauperis* on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. <u>Walker v. O'Brien</u>, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. For the reasons stated above, no reasonable person could suppose petitioner's appeal has any merit.

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to mail petitioner a copy of each of the orders entered in this case;

4

2.      Petitioner's request for a certificate of appealability is DENIED.  Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate; and

3.      Petitioner's request for leave to proceed *in forma pauperis* is DENIED because I certify that his appeal is not taken in good faith.  If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 3rd day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

5